UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM ORIS SMALL, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 24-CV-0224-CVE-JFJ |
| ) | |
| ALANNA NICOLE JOHNSON, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court is defendant's motion to vacate (Dkt. # 3) an emergency protective order entered against her in Tulsa County District Court Case No. PO-2024-1054. For the reasons set forth below, defendant's motion to vacate the state court protective order is granted.

Plaintiff is a full-time active-duty member of the United States Army Reserve, and is stationed in Tulsa County, Oklahoma. See Dkt. # 3-1. Defendant is a master sergeant and plaintiff's direct supervisor. Dkt. # 2, at 1. Plaintiff filed a petition for a protective order against defendant on April 11, 2024, alleging that defendant visited his work station and verbally assaulted him and his coworker. Dkt. # 2-1, at 3-4. He alleged that the altercation nearly turned physical and that he was in fear for his safety. Id. The state court granted the protective order and served it on defendant on April 22, 2024. Dkt. # 2-3, at 3. Plaintiff failed to mention in his petition that he is an active-duty member of the military and that his supervisor is an active duty military member. Defendant timely removed the case to this Court (Dkt. # 2) under the federal officer removal statute, 28 U.S.C. § 1442(a), and moved to vacate the protective order on various grounds under Federal Rule of Civil Procedure 60(b). Dkt. # 3, at 4.

"The Court has the authority to vacate orders that the state court entered [] because the federal court has sole jurisdiction over the proceedings after removal." Fed. Nat'l Mortg. Ass'n v. Milasinovich, 161 F. Supp. 3d 981, 1012 (D.N.M. 2016). When a case is removed from a state court to a federal court, all orders entered prior to removal "shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. "Federal courts have interpreted § 1450 to mean that '[a]fter removal, interlocutory orders of the state court are transformed into orders of the court to which the case is removed.'" Phoenix Energy Mktg., Inc. v. Chase Oil Corp., No. 16-CV-0681-CVE-TLW, 2017 WL 2347188, at *3 (N.D. Okla. May 30, 2017). "Thus, a federal court is free to reconsider a state court order and to treat the order as it would any interlocutory order it might itself have entered." Brown v. K–MAC Enter., 897 F. Supp. 2d 1098, 1103 (N.D. Okla. 2012) (citing Laney ex rel. Laney v. Schneider Nat'l Carriers, Inc., 259 F.R.D. 562, 564 (N.D. Okla. 2009)).

Plaintiff asserts various grounds to vacate the state order under Rule 60(b), including that defendant misrepresented facts in his petition and that the state court lacked jurisdiction to enter the order due to the military status of defendant. Rule 60(b) provides that district courts "may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (1) mistake, inadvertence, surprise, or excusable neglect . . . (3) fraud[], misrepresentation, or misconduct by an opposing party. . . [or] any other reason that justifies relief." The party moving to vacate under Rule 60(b)(3) bears the burden of substantiating the claim of misrepresentation with adequate proof. Zurich N. Am. v. Matrix Serv., Inc., 426 F.3d 1281, 1290 (10th Cir. 2005). "Whether to grant Rule 60(b) relief lies within the substantial discretion of the

district court." Boardwalk Apartments, L.C. v. State Auto Prop. & Cas. Ins. Co., No. 11-2714-JAR-KMH, 2013 WL 6178984, at *3 (D. Kan. Nov. 25, 2013)(internal quotations omitted).

Plaintiff's concealment of his military status in his petition for a protective order is sufficient on its own to vacate the state court order. See Schreiber Foods, Inc. v. Beatrice Cheese, Inc., 402 F.3d 1198, 1205 (Fed. Cir. 2005) (finding that relief from judgment is warranted when a party misrepresents material facts). Plaintiff's omission of his and defendant's military status in his petition amounts to a misrepresentation of material facts relevant to the grant of the protective order.[1] "The military is 'a specialized society separate from civilian society' with 'laws and traditions of its own [developed] during its long history.'" McDonough v. Widnall, 891 F. Supp. 1439, 1446 (D. Colo. 1995). Plaintiff's omission not only bears relevance to the conduct alleged in plaintiff's petition, but also has jurisdictional implications as to whether the state court had authority to enter such an order against defendant in the first place.[2] See Chappell v. Wallace, 462 U.S. 296, 300 (1983) ("Civilian courts must, at the very least, hesitate long before entertaining a suit which asks the court to tamper with the established relationship between enlisted military personnel and their superior officers; that relationship is at the heart of the necessarily unique structure of the military

---

[1]   Defendant has certified her and plaintiff's active military status with adequate proof, substantiating her claim for misrepresentation under Rule 60(b)(3). See Dkt. # 3-1; # 3-2.

[2]   The Court need not reach the issue of whether the state court had jurisdiction to enter the protective order against defendant under the doctrine of intra-military immunity. Additionally, at this time there is not a sufficient factual record to establish whether defendant was acting in the scope of her military duties when she allegedly visited defendant's workplace and verbally harassed him. The Court notes, however, that the Tenth Circuit's "evolving jurisprudence has created a zone of protection for military actors, immunizing actions and decisions which involved military authority from scrutiny by civilian courts. [H]owever, [] this zone was never intended to protect the personal acts of an individual when those acts in no way implicate the function or authority of the military." Durant v. Neneman, 884 F.2d 1350, 1353 (10th Cir. 1989).

establishment."); Feres v. United States, 340 U.S. 135 (1950). Such a misrepresentation of material facts warrants vacating the state protective order under Rule 60(b)(3).

**IT IS THEREFORE ORDERED** that the defendant's motion to vacate (Dkt. # 3) is **granted**.

**IT IS FURTHER ORDERED** that the state court protective order is **vacated**.

**IT IS FURTHER ORDERED** that the parties shall file a joint status report **no later than July 1, 2024**, identifying any outstanding issues for adjudication.

**DATED** this 3rd day of June, 2024.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE