UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **WILLIAM ORIS SMALL, JR.,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**ALANNA NICOLE JOHNSON,** )<br>)<br>**Defendant.** ) | Case No. 24-CV-0224-CVE-JFJ |

## OPINION AND ORDER

Before the Court is pro se plaintiff's motion to vacate judgment, address ongoing retaliation, and retain jurisdiction. Dkt. # 11. Plaintiff argues that the Court should vacate its judgment, which vacated a state court protective order against defendant, because defendant allegedly fraudulently removed the case under 28 U.S.C. § 1442a[1] through materially false declarations.[2] Dkt. # 11, at 5. The Court finds that plaintiff's assertion of fraudulent removal is meritless and, therefore, denies his motion.

On April 11, 2024, plaintiff filed a petition for an emergency protective order against defendant in Tulsa County district court. Dkt. # 2-1, at 1. The state court granted the ex parte emergency protective order and served it on defendant on April 22, 2024. Dkt. # 2-3, at 3. Defendant timely removed the case to this Court under § 1442a (Dkt. # 2), and moved to vacate the protective order on various grounds under FED. R. CIV. P. 60(b) (Dkt. # 3). Defendant attached two

---

[1] Plaintiff cites 28 U.S.C. § 1442 as the statutory basis for the allegedly fraudulent removal. Dkt. # 11, at 2. However, defendant removed this case under § 1442a. Dkt. # 2, at 1. Therefore, the Court will construe plaintiff's references to § 1442 as references to § 1442a.

[2] Plaintiff does not challenge the Court's finding, in its order and opinion vacating the protective order, that plaintiff's concealment of his military status in his protective order petition was sufficient on its own to vacate the state court order. Dkt. # 6, at 3-4.

declarations to her motion to vacate. Dkt. ## 3-1. 3-1. In the first declaration, Andrew B. Canfield, the Battalion Commander of 13th Battalion (BN), United States Army Reserve Careers Groups (USARCG), avers that plaintiff was serving on official duty as an Active Guard Reserve Army Non-Commissioned Officer under the direct military supervision of defendant at the time that plaintiff filed the petition. Dkt. # 3-1. In the second declaration, Johnnie P. Evans, the Battalion Sergeant Major of 13th BN, USARCG, avers that he is familiar with defendant's job responsibilities as a Master Sergeant Area Leader of Area 6, 13th BN, USARCG, and that the actions of defendant that are relevant to this case were performed within the scope of her official duties. Dkt. # 3-2.

The Court entered an opinion and order vacating the protective order because plaintiff concealed a material fact, his military status, in his petition for the protective order. Dkt. # 6, at 3-4. The Court expressly stated that, at that time, there was not a sufficient factual record to establish whether defendant was acting in the scope of her military duties when she allegedly visited defendant's workplace and verbally harassed him. Id. at 3 n.2. Additionally, the Court ordered that the parties file a joint status report identifying any outstanding issues for adjudication. Id. at 4. Defendant and plaintiff separately filed status reports in which defendant asserted that no issues remained, and plaintiff requested that the Court dismiss the case without prejudice.[3] Dkt. # 7, at 3; Dkt. # 8, at 1. On June 28, 2024, the Court entered an order dismissing the case without prejudice (Dkt. # 9) and a judgment of dismissal (Dkt. # 10). On February 3, 2025, plaintiff filed a motion to vacate judgment, address ongoing retaliation, and retain jurisdiction. Dkt. # 11.

---

[3]   Plaintiff also requested that the Court issue various orders directed at defendant that exceeded the scope of the Court's inquiry as to what issues, if any, remained in the case. Dkt. # 8, at 1-2.

"A pro se litigant's pleadings are to be construed liberally." Hall v. Bellmon, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991) (emphasis added). Therefore, the Court treats plaintiff's motion to vacate judgment because of fraud as a motion for relief from judgment under FED. R. CIV. P. 60(b)(3). This rule provides that district courts "may relieve a party . . . from a final judgment, order, or proceeding for . . . fraud[], misrepresentation, or misconduct by an opposing party . . . ." FED. R. CIV. P. 60(b)(3). "Rule 60(b) relief 'is extraordinary and may only be granted in exceptional circumstances.'" Zurich N. Am. v. Matrix Serv., Inc., 426 F.3d 1281, 1289 (10th Cir. 2005) (quoting Servants of Paraclete v. Does, 204 F.3d 1005, 1009 (10th Cir. 2000)). When seeking Rule 60(b)(3) relief, a party must, by clear and convincing proof, "substantiate the claim of fraud, misconduct or misrepresentation[,]" and "the challenged behavior must substantially have interfered with the aggrieved party's ability fully and fairly to prepare for and proceed at trial." Id. at 1290 (quoting Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999)). The decision of whether to grant relief under this rule rests within the district court's discretion. Wilkin v. Sunbeam Corp., 466 F.2d 714, 717 (10th Cir.1972).

As required under FED. R. CIV. P. 60(c), plaintiff filed his motion within a year of the Court's entry of judgment. Dkt. ## 10, 11. Plaintiff argues that the Court should vacate its judgment because defendant removed the case under § 1442a based on materially false declarations. Dkt. # 11, at 1-2, 5. Section 1442a provides that:

> A civil . . . prosecution in a court of a State of the United States against a member of the armed forces of the United States on account of an act done under color of his office or status, or in respect to which he claims any right, title, or authority under a law of the United States respecting the armed forces thereof, or under the law of war, may at any time before the trial or final hearing thereof be removed for trial into the district court of the United States for the district where it is pending . . . .

In defendant's notice of removal, she pleads that plaintiff sought a protective order against her for acts performed in her official capacity as plaintiff's military supervisor. Dkt. # 2, at 1-2. Defendant did not attach the allegedly fraudulent declarations to her notice of removal (Dkt. # 2), only to the motion to vacate (Dkt. # 3). Nevertheless, the Court will assume, for the purpose of this analysis only, that it reviewed these declarations when assessing whether it had jurisdiction over the removed case, and will consider whether plaintiff proves by clear and convincing evidence that the declarations are fraudulent.

Plaintiff makes three arguments as to why the declarations are fraudulent. Dkt. # 11.[4] First, plaintiff argues that the declarations are fraudulent because his Judge Advocate General attorneys who are representing him in a military proceeding came to the "legal conclusion" that defendant's conduct was "outside of the scope of [her] official duties." Id. at 4. However, legal arguments pertaining to military proceedings do not prove that defendant acted outside of her official capacity. See id. at 225 (arguing that defendant "was not acting with an official purpose when she interacted with" plaintiff). Second, plaintiff asserts that the declarations are self-serving and "highly problematic given [the declarants'] clear conflicts of interest as subjects of the underlying harassment complaints." Id. at 3, 4. Even if plaintiff's assertions are true, his assertions do not contradict the facts established in the declarations, much less prove that the declarations are fraudulent. Third, plaintiff argues that no statute authorized "the declarants to make binding certifications regarding the scope of employment for removal purposes[,]" and that "28 U.S.C. § 2679(d) . . . expressly reserves such certification authority to the Attorney General or their delegee." Id. The Court finds

---

[4] Plaintiff's motion to vacate judgment (Dkt. # 11) is a 7-page motion, with 259 pages of attachments related to, inter alia, certain military proceedings pertaining to him.

that plaintiff's arguments are unpersuasive because § 2679(d) does not apply in a case where a plaintiff seeks a protective order against his military supervisor, and the declarants executed their declarations pursuant to 28 U.S.C. § 1746. See De Martinez v. Lamgno, 515 U.S. 417, 419-420 (1995) (explaining that § 2679 applies "when a federal employee is sued for a wrongful or negligent act"). Therefore, the Court finds that plaintiff did not offer any evidence substantiating his claim that defendant's supporting declarations are fraudulent.[5]

The Court finds that plaintiff fails to offer any evidence of fraudulent removal under § 1442a. Further, even if plaintiff could show fraudulent removal, nothing remains in this case for the Court to remand. The subject state court protective order against defendant has been vacated, and no issue remains for adjudication.[6] Therefore, the Court finds that plaintiff's motion to vacate judgment is meritless.

**IT IS THEREFORE ORDERED** that plaintiff's motion to vacate judgment, address ongoing retaliation, and retain jurisdiction (Dkt. # 11) is **denied**.

---

[5] Plaintiff also argues that the Assistant United States Attorney's (AUSA) representation of defendant exceeds the AUSA's statutory authority under 28 U.S.C. § 547. Dkt. # 11, at 2. Section 547 provides that "each United States attorney, within his district, shall . . . prosecute or defend, for the Government, all civil actions, suits or proceedings in which the United States is concerned." Defendant explained that, "[b]ecause [her] actions were performed within the scope and course of her military duties, she has been approved for personal capacity representation in this matter by the United States Department of Justice." Dkt. # 3, at 2. Therefore, the Court finds that plaintiff's argument is unpersuasive.

[6] Plaintiff complains of ongoing retaliation against him by "the command" and seeks relief from this alleged retaliation. Dkt. # 11, at 4-5. If plaintiff has a new claim, he should pursue that claim with the appropriate military agency, department, or tribunal. See Chappell v. Wallace, 462 U.S. 296, 300 (1983) ("Civilian courts must, at the very least, hesitate long before entertaining a suit which asks the court to tamper with the established relationship between enlisted military personnel and their superior officers; that relationship is at the heart of the necessarily unique structure of the military establishment.").

**IT IS FURTHER ORDERED** that this case **remains terminated.**

**DATED** this 6th day of February, 2024.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE